UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

------------------------------

YAMEL GONZALEZ, individually and on behalf
of all others similarly situated,

           Plaintiff,

    against

CHRISTAL TRANSPORT, LLC and ORALDO
SOSA

           Defendants.

------------------------------/

0:21 Civ. 60278 (xx)

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

YAMEL GONZALEZ, individually and on behalf of all others similarly situated, by his attorneys at Black Law P.A., alleges against CHRISTAL TRANSPORT, LLC and ORALDO SOSA ("Defendants"), upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. DEFENDANT CHRISTAL TRANSPORT, LLC ("CHRISTAL") is a company that operates nine trucks in the freight shipping and trucking company.

2. CHRISTAL operates its business from its headquarters in Fort Lauderdale, Florida.

3. CHRISTAL depends on its truck drivers employed to transport freight to its customers.

4. Although these truck drivers, including YAMEL GONZALEZ, reported to Defendants' offices and drove CHRISTAL's trucks that were subject to Defendants' control, didn't set their own schedules, didn't select their own projects, and were banned from working

for anyone else, Defendants classified the truck drivers as "independent contractors" outside the protections of the federal Fair Labor Standards Act ("**FLSA**").

5.     Further, Plaintiff and his fellow truck drivers had no ability to exercise initiative or management in their own growth, and their only ability to affect their earnings came from working faster or working more hours.  Defendants were Plaintiff's employer for 9 years, with no ability for Plaintiff to take on other work.

6.     For at least three years prior to the filing of this complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

7.     Plaintiff YAMEL GONZALEZ ("Plaintiff") brings this action on behalf of himself and similarly situated current and former truck drivers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid overtime.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the FLSA.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District CHRISTAL resides in, and does business within, this District.

## PARTIES

10.    Plaintiff is an individual who resides in Fort Lauderdale, Florida.

11.    Plaintiff worked for Defendants as a truck driver in Fort Lauderdale, FL from approximately September 2011 through approximately March 15, 2019.

12. Plaintiff typically worked between approximately sixty (60) to eighty (80) hours per week for CHRISTAL's benefit.

13. Plaintiff was not paid overtime for all of the hours he worked over 40 in a workweek.

14. Plaintiff estimates that he worked more than 40 hours every week, and typically worked between 60-80 hours each week.

15. Plaintiff was paid approximately $5662 per month for 2018 and for the first three months of 2019, regardless of whether or not he worked overtime hours.  Plaintiff is providing the best estimate he can of hours worked, because Defendants did not keep track of hours.

16. Plaintiff was not paid overtime for his hours above 40 during the weeks described above.

17. Using Plaintiff's rate of pay of approximately $1400/week and approximate hours of 70 hours of week, his regular hourly rate was approximately $20/hour.  He was not paid overtime premium for any hours worked beyond 40/week, so he is owed an overtime premium of one-half his regular hourly rate for each hour worked beyond $40, or $10/hr.  At a 30 overtime hours per week, he is owed approximately $300/week, for a total amount of actual damages $17,400 at the time of this filing.

18. Plaintiff worked these hours pursuant to Defendants' policy or practice of encouraging him to work full-time schedules, including overtime, because Defendants knew by classifying Plaintiff, and the other truck drivers, as independent contractors that Defendants did not have to pay overtime.

19. Plaintiff is a covered employee within the meaning of the FLSA.

20. Upon information and belief, DEFENDANT ORALDO SOSA ("SOSA") is an individual who resides in Fort Lauderdale, FL. Upon information and belief, SOSA is a citizen of FLORIDA.  SOSA is an employer as defined by the FLSA.

21. SOSA, at all times, set the schedule and was the manager directly above Plaintiff. Upon information and belief, SOSA is the owner of CHRISTAL.

22. CHRISTAL is a Florida corporation with corporate headquarters located in Fort Lauderdale, FL. CHRISTAL maintains offices and does business in Broward County, Florida.

23. CHRISTAL is a covered employer as defined by the FLSA.

24. CHRISTAL employed Plaintiff and similarly situated employees within the meaning of the FLSA.

25. Defendants has had substantial control over the working conditions of Plaintiff and similarly situated workers, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

26. Defendants controlled Plaintiff's and similarly situated employees' terms and conditions of employment by determining their compensation, notifying him when to work and not work, providing the corporate vehicles, paying for the insurances, and otherwise exercised control over every element of his job.

27. Defendant's owner SOSA attested in that he hired Gonzalez and "taught him everything he knew about the trucking business" and that Gonzalez did not have independent knowledge or training relating to the trucking business prior to working for Defendants.

28. On information and belief, CHRISTAL'S annual gross volume of sales made or business done is not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings the cause of action based on FLSA overtime claims, on behalf of himself and all similarly situated persons who work or have worked as truck driver for CHRISTAL between FEBRUARY 1, 2018, and the date of final judgment, who did not receive overtime for all hours worked over 40 in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "**FLSA Collective**").

30. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by CHRISTAL and SOSA and/or CHRISTAL and SOSA have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

31. As part of its regular business practice, CHRISTAL has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   (a) Willfully misclassifying Plaintiff and the FLSA Collective as independent contractor;

   (b) Willfully failing to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of 40 hours per workweek; and

   (c) Willfully failing to record all of the time that Plaintiff and the FLSA Collective have worked for the benefit of CHRISTAL.

32. Defendants are aware or should be aware that federal and state law required them to pay Plaintiff and the FLSA Collective an overtime premium for hours worked in excess of 40 per workweek.

33. Defendants' conduct has been widespread, repeated, and consistent.

34. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the members of the FLSA Collective.

35. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by CHRISTAL in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to CHRISTAL and are readily identifiable, and can be located through CHRISTAL's records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COLLECTIVE FACTUAL ALLEGATIONS

36. Plaintiff and FLSA Collective have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA by denying them wages they are owed.

37. Defendants would hire the truck drivers has independent contractors, provide the trucks that they drive, pay for the insurance, control the schedule, provide them no opportunity to grow their business besides taking on more hours or working faster, and otherwise control and manipulate their entire schedule.

38. This scheme was performed to avoid paying payroll taxes, overtime and minimum wage.

39. Plaintiff brings these FLSA claims on behalf of all truck drivers of Defendants at any time within the applicable statute of limitations, who were denied a proper overtime premium of one and half (1.5) times their regular rate for all hours worked in excess of forty (40) per week:

  (a) Payment for lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in each work week;

  (b) Liquidated damages; and

  (c) A reasonable attorney fee and costs.

40. The members of the proposed FLSA collective category of truck drivers are similarly situated in that they all share these traits:

  (a) They were all classified as independent contractors;

  (b) They all performed same or similar job duties;

  (c) Defendants failed to record any of their time;

  (d) They were all subject to Defendants' common practice of not paying lawful overtime premium for hours worked over 40 hours per workweek.

41. Plaintiff is unable to state the exact number of the members of the proposed FLSA collective group but believe the group exceeds thirty (30) persons.

42. Defendants can readily identify the members of the Section 16(b) collective group. The names, physical addresses, electronical mailing addresses and phone numbers of the FLSA Collective are available from Defendants and a Court-approved notice should be provided to the FLSA collective action members via first class mail, email and text message to their last know physical address, email address and phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claims.

**COUNT ONE**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

43. Plaintiff repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

44.     The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

45.     Defendants failed to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of 40 hours in a workweek.

46.     As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

(a)     A declaratory judgment that Defendants' practices alleged herein violate the FLSA, and its relating regulations;

(b)     That Defendants be required to account to Plaintiff, the FLSA Collective, and the Court for all of the hours worked by them and all monies paid to them;

(c)     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime for all hours worked over 40 in a work week;

  (d)  Unpaid overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

  (e)  Pre- and post-judgment interest;

  (f)  Attorneys' fees and costs of this action;

  (g)  Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: February 3, 2021

> Respectfully submitted,
> BLACK LAW P.A.
> *Kelsey K. Black, Esq.*
> Kelsey Black, Fla. Bar No. 079825
> 1401 E. Broward Blvd., Ste. 204
> Fort Lauderdale, FL 33301
> 954-320-6220
> kelsey@kkbpa.com
> Attorney for Plaintiff