**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:21-60278-RS

YAMEL GONZALEZ,

    Plaintiff,
vs.

CHRISTAL TRANSPORT, LLC
and ORALDO SOSA,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE
WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Yamel Gonzalez ("Plaintiff"), and opt-in plaintiffs, Leiner Rodriguez and Jairo Michel Garcia (collectively referred to as "Opt-In Plaintiffs"), and Defendants, Christal Transport, LLC and Oraldo Sosa (collectively referred to as "Defendants" and together with Plaintiff and Opt-In Plaintiffs, "the Parties") hereby file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

**FACTUAL BACKGROUND**

1. Plaintiff's Complaint was filed on February 3, 2021. In the Complaint, Plaintiff alleges a claim for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). [ECF No. 1]

2. On March 5, 2021, Defendants filed their Answer and Statement of Defenses to the Complaint [ECF No. 16], and asserted, *inter alia*, that: (1) Plaintiff was an independent contractor and not an employee under the FLSA; (2) Plaintiff's claim was subject to exemptions contained in Section 13(b)(1) of the FLSA; and (3) Plaintiff's claim for liquidated damages could not be sustained because any acts or omissions giving rise

to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

3. The Court issued a Scheduling Order setting forth the trial period and related discovery and pretrial deadlines on March 9, 2021. [ECF No. 17].

4. Opt-In Plaintiffs filed their opt-in notices on April 11, 2021.

5. In an effort to avoid the uncertainties of litigation, the Parties have negotiated a compromise and reached a settlement of this matter during a mediation on June 1, 2021, which included a reasonable amount for attorneys' fees and costs.[1]

6. The Parties jointly submit to the Court that there has been a sufficient investigation and exchange of information to allow counsel for Plaintiff and Opt-In Plaintiffs and Defendants to evaluate the Parties' claims and defenses and make recommendations regarding the resolution of Plaintiff's and Opt-In Plaintiffs' FLSA claims in this matter.

7. The Parties stipulate that the negotiated compromise and settlement reached between the Parties represents a "fair" resolution of Plaintiff's and Opt-In Plaintiffs' FLSA claims, as well as their reasonable attorneys' fees and costs. The Parties also stipulate that the settlement reached between them advances judicial economy.

## **MEMORANDUM OF LAW**

The Parties advise the Court that they have obtained sufficient information to allow them to make informed decisions after having the opportunity to analyze their respective claims and defenses. The Parties also respectfully submit that this settlement should be

---

[1] The Parties request authorization to submit the settlement agreements to the Court's chambers so that they may be reviewed *in camera* as the settlement agreements contain confidentiality clauses.

2

approved by the Court as fair and reasonable. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts of this district have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See, e.g., Brenowitz v. Implant Seminars, Inc.,* No. 17-20184-CIV-GOODMAN, 2017 WL 3438879, at *3 (S.D. Fla. August 10, 2017); *Arce v. Doral Costa Services, LLC*, No. 17-22892-CIV-COOKE, 2017 WL 8794710, at *1 (S.D. Fla. Oct. 31, 2017).

At all times material hereto, the Parties were represented by counsel experienced in litigating FLSA claims. Both the terms and conditions of the Parties' settlement agreements and the settlement amounts were the subject of arms-length negotiations between counsel and a mediator who specializes in employment law (Marlene Quintana, Esq.). The settlement amounts were based on information learned during the litigation. The Parties, therefore, respectfully submit that the settlement agreements they have entered into represent a reasonable compromise of the Parties' claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*. *See Fernandez v. A-1 Duran Roofing, Inc.,* No. 12-cv-20757, 2013 WL 684736 at *1 (S.D. Fla. Feb. 25, 2013).

Based on the foregoing, the Parties respectfully submit that the settlements reached were a reasonable compromise that were arrived at after due consideration.

Pursuant to *Lynn's Food*, the Parties request that the Court approve the Parties' settlements as fair and reasonable and dismiss this case with prejudice.

Respectfully submitted,

| | |
|---|---|
| **BLACK LAW P.A.** | **BT LAW GROUP, PLLC** |
| *Attorneys for Plaintiff and Opt-In Plaintiffs* | *Attorneys for Defendants* |
| 1401 E Broward Blvd. Suite 204 | 3050 Biscayne Blvd., Ste. 205 |
| Fort Lauderdale FL 33301 | Miami, FL 33137 |
| ph-954.320.6220 | ph-305.507.8506 |
| s/*Kelsey K. Black* | s/ *Anisley Tarragona* |
| By: _____ | By: _____ |
| **KELSEY K. BLACK** | **ANISLEY TARRAGONA** |
| Florida Bar No. 078925 | Florida Bar No. 51626 |
| kelsey@kkbpa.com | anisley@btattorneys.com |
| **CODY J. SHILLING** | **JASON BERKOWITZ** |
| Florida Bar No. 1010112 | Florida Bar No. 55414 |
| cs@kkbpa.com | jason@btattorneys.com |

4